UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| NAUTILUS INSURANCE CO.<br><br>    *Plaintiff*,<br><br>    v.<br><br>SELECTIVE SERVICE, LLC, JOEL MROSEK, JAY PELLETIER, CORNERSTONE ASSETS, LLC, and STATE OF CONNECTICUT SECOND INJURY FUND,<br><br>    *Defendants*. | Civil No. 3:19cv1973 (JBA)<br><br>March 9, 2021 |

**RULING GRANTING DEFENDANT SECOND INJURY FUND'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

      Plaintiff, Nautilus Insurance Company ("Nautilus"), a corporation domiciled and maintaining a principal place of business in Arizona, filed this declaratory judgment action to determine whether it has a duty under its commercial liability policy and/or its excess insurance policy to indemnify its insured, Selective Service, in an employee's tort action now pending in the Superior Court for the State of Connecticut, *Jay Pelletier, et. al v. Joel Mrosek, et. al*, Docket No. HHD-cv-18-6101052-S ("Pelletier Action"). The State of Connecticut intervened in the Pelletier action since Connecticut's Second Injury Fund, a state-operated workers' compensation insurance fund, had or may become obligated to pay workers compensation benefits to the plaintiff employee because his employer did not carry workers' compensation insurance. The Second Injury Fund now moves to dismiss this declaratory judgment action against it for lack of subject matter jurisdiction under the doctrine of sovereign immunity. (Def.'s Mem. in Supp. of Mot. to Dismiss [Doc. # 24-1] at 2, 4.) Plaintiff opposes, arguing that the Second Injury Fund "does not enjoy Eleventh Amendment or common law sovereign immunity" with respect to these claims.[1] (Pl.'s Mem

---

[1] At oral argument, Plaintiff also argued that because the Second Injury Fund is merely a nominal party, its presence does not destroy complete diversity for the purpose of diversity jurisdiction. However, the Second Injury Fund never argues that there is an absence of

in Opp. of Mot. to Dismiss [Doc. # 25] at 1.) The Court held oral argument via teleconference on November 19, 2020. ([Doc. # 38].)

## I.     Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). In evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court is instructed to accept all facts alleged in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Natural Resources Defense Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006).

## II.     Discussion

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. CONST. AMEND. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974). This immunity "protects a state's dignity and fiscal integrity from federal court judgments . . . and acts as a limitation on the federal judiciary's Article III powers." *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015). A state may waive its Eleventh Amendment sovereign immunity by consenting to suit against it in a federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Congress can also abrogate a state's sovereign immunity with respect to the rights afforded by the Fourteenth Amendment. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).

In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court recognized an exception to the Eleventh Amendment's grant of sovereign immunity where a plaintiff sues a state official acting in their official capacity for prospective relief from continuing violations of

---

diversity, only that sovereign immunity bars the Court from adjudicating this action against it.

federal law. Although *Ex parte Young* permits limited prospective relief against state officials, the Eleventh Amendment "forecloses . . . an award of money required to be paid from state funds that compensates a claimant for the state's past violation of federal law." *New York City Health & Hosps. Corp. v. Perales*, 50 F.3d 129, 135 (2d Cir. 1995) (citing *Edelman*, 415 U.S. at 668). The Supreme Court reasoned that when a state officer acts unconstitutionally, the state could not have authorized the action, thereby stripping the state official of any immunity. *Pennhurst*, 465 U.S. at 102. This exception is narrow, and "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 101-102.

Here, Plaintiff brings a claim against the Second Injury Fund, a state agency, for declaratory relief. Plaintiff does not allege that the State of Connecticut waived its Eleventh Amendment immunity, nor does it allege that Congress abrogated the State's sovereign immunity in cases such as this. Importantly, Plaintiff does not name any state official as a defendant in its lawsuit.

Plaintiff maintains that "the Eleventh Amendment does not prevent claims for prospective relief, such as injunctions and declaratory relief, against the [Second Injury] Fund." (Mem. in Opp. at 4.) In support of its contention, the opinions that Plaintiff cites reflect that the plaintiffs brought claims against state officials, not solely against states or state agencies.[2] Moreover, the Supreme Court expressly rejected Plaintiff's proposition, concluding that it is not the case "that the Eleventh Amendment never applies unless a

---

[2] *Morenz v. Wilson-Coker*, 415 F.3d 230 (2d Cir. 2005) (bringing suit against Patricia Wilson-Cooker, Commissioner of the Connecticut Department of Social Services); *Galvin v. Lloyd*, 663 F. Supp. 1572 (D. Conn. 1987) (bringing suit against members of the Connecticut Commission on Medicolegal Investigations in their individual and official capacities); *Dwyer v. Regan*, 777 F.2d 825 (2d Cir. 1985) (bringing suit against trustee and administrative head of the New York State Employees Retirement System); *Hamilton v. Lajoie*, 660 F. Supp. 2d 261 (D. Conn. 2009) (bringing suit against the prison warden and correctional officers); *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982) (bringing suit against state officials); *Gregg v. Lawson*, 732 F. Supp. 849 (E.D. Tenn. 1989) (bringing suit against the Commissioner of the Tennessee Department of Safety); *Town of Bloomsburg v. Pennsylvania*, 496 F. Supp. 686 (M.D. Pa. 1980) (bringing suit against state agencies and various state officers). In one other case, *Solin v. State University of New York*, 416 F. Supp. 536 (S.D.N.Y. 1976), the court found that further factual development was required to determine whether the State University of New York system was a state actor protected from suit by the Eleventh Amendment.

judgment for money payable from the state treasury is sought" and that "limiting the strictures of the Eleventh Amendment to a suit for a money judgment . . . would ignore the explicit language and contradict the very words of the Amendment itself." *Cory v. White*, 457 U.S. 85, 91 (1982). In other words, that a plaintiff seeks only prospective relief and not retrospective damages does not necessarily exempt the claim or categorically exclude it from the Eleventh Amendment. Since Plaintiff fails to name a state official in its suit for declaratory relief, Eleventh Amendment immunity bars the action against the Second Injury Fund.

### III.   Conclusion

The Court finds that the Eleventh Amendment bars Plaintiff's action for declaratory relief against the Second Injury Fund and accordingly GRANTS the Second Injury Fund's motion to dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of March 2021.